2011 OK JUD ETH 4

JUDICIAL ETHICS OPINION 2011-4.

No. 2011-4.

Oklahoma Judicial Ethics Advisory Panel.

Aug. 19, 2011.

JUDICIAL ETHICS ADVISORY PANEL

¶ 1 Questions: 1. May a sitting judge serve on the Board of Directors of a not-for-profit educational (university) foundation?

¶ 2 Answers: Yes, with certain conditions and restrictions.

¶ 3 Discussion: Canon 3 of the Oklahoma Code of Judicial Conduct "Extra Judicial Activities in General" in Rule 3.1 provides:

¶ 4 "A judge may engage in extrajudicial activities, except as prohibited by law or this Code. However, when engaging in extrajudicial activities, a judge shall not:

¶ 5 (A) participate in activities that will interfere with the proper performance of the judge's judicial duties:

¶ 6 (B) participate in activities that will lead to frequent disqualification of the judge;

¶ 7 (C) participate in activities that would appear to a reasonable person to undermine the judge's independence, integrity, or impartiality;

¶ 8 (D) engage in conduct that would appear to a reasonable person to be coercive; or

¶ 9 (E) make use of court premises, staff, stationery, equipment, or other resources, except for incidental use for activities that concern the law, the legal system, or the administration of justice, or unless such additional use is permitted by law. This Rule is also subject to the exceptions provided for in Rule 4.1A(10) and 4.1C.

Comment on Rule 3.1 states:

¶ 10 [1] To the extent that time permits, and judicial independence and impartiality are not compromised, judges are encouraged to engage in appropriate extrajudicial activities that concern the law, the legal system, and the administration of justice, such as by speaking, writing, teaching, or participating in scholarly research projects. In addition, *judges are permitted and encouraged to engage in educational, religious, charitable, fraternal or civic extrajudicial activities not conducted for profit, even when the activities do not involve the law.* See Rule 3.7. (Emphasis added)

¶ 11 [2] Participation in both law-related and other extrajudicial activities helps integrate judges into their communities, and furthers public understanding of and respect for courts and the judicial system.

¶ 12 [3] Discriminatory actions and expressions of bias or prejudice by a judge, even outside the judge's official or judicial actions, are likely to appear to a reasonable person to call into question the judge's integrity and impartiality. Examples include jokes or other remarks that demean individuals based upon their race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, or socioeconomic status. See Rule 3.6.

¶ 13· [4] A judge's extrajudicial activities must not be conducted in connection or affiliation with an organization that practices invidious discrimination.

¶ 14 [5] While engaged in permitted extrajudicial activities, judges must not coerce others or take action that would reasonably be perceived as coercive. For example, depending upon the circumstances, a judge's solicitation of contributions or memberships for an organization, even as permitted by Rule 3.7(A), might create the risk that the person solicited would feel obligated to respond favorably, or would do so to curry favor with the judge."

¶ 15 Rule 3.7 specifically addresses participation in educational, religious, charitable, civic organizations, or activities and specifically provides:

¶ 16 (A) Subject to the requirements of Rule 3.1, a judge may participate in activities sponsored by organizations or governmental entities concerned with the law, the legal system, or the administration of justice, and those sponsored by or on behalf of educational, religious, charitable, fraternal, or civic organizations not conducted for profit, in-

cluding but not limited to the following activities:

¶ 17 (1) assisting such an organization or entity in planning related to fund-raising, and participating in the management and investment of the organization's or entity's funds;

¶ 18 (2) soliciting contributions for such an organization or entity, but only from members of the judge's family, members of the judge's household or from judges over whom the judge does not exercise supervisory or appellate authority;

¶ 19 (3) soliciting membership for such an organization or entity, even though the membership dues or fees generated may be used to support the objectives of the organization or entity, but only if the organization or entity is concerned with the law, the legal system, or the administration of justice;

And,

¶ 20 (6) serving as an officer, director, trustee, or nonlegal advisor of such an organization or entity, unless it is likely that the organization or entity:

¶ 21 (a) will be engaged in proceedings that would ordinarily come before the judge; or

¶ 22 (b) will frequently be engaged in adversary proceedings in the court of which the judge is a member, or in any court subject to the appellate jurisdiction of the court of which the judge is a member.

¶ 23 The judge's participation is further limited by any other activity prohibited by the code such as not engaging in general fund raising activities or with an organization that may regularly appear in the court over which the judge presides.

/s/ Milton C. Craig, Chairman

/s/ Robert E. Lavender, Vice–Chairman

/s/ Vicki L. Robertson, Secretary